UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00658-MOC-DSC

| | |
|---|---|
| **REGINA BOSTON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )　　　　ORDER |
| | ) |
| **ADESA, INC.** | ) |
| **ASSOCIATES ASSET RECOVERY, LLC**, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on defendants' Motion to Dismiss. Inasmuch as plaintiff is proceeding *pro se*, the Court entered a Roseboro Order advising plaintiff of her obligation to respond or take other action to cure the defects pointed out in the motion. Finally, the Court advised plaintiff that if she failed to so respond or take curative action by January 2, 2019, the Court would proceed to decide the matter summarily. Review of the docket on the date on entry of this Order reveals that no response or curative action has been undertaken by plaintiff by January 2, 2018.[1]

Defendants have moved to dismiss plaintiff's Complaint in accordance with Rule 12(b)(), Federal Rules of Civil Procedure, contending that plaintiff failed to allege any facts that could support her claim for a violation of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692.

---

1　　The docket reflects Clerk of Court mailed the Roseboro Order to plaintiff at the two addresses provided by defendants in their Certificate of Service. The general delivery mailing was returned as the mail was not picked up, but the mailing to plaintiff's street address was not returned, providing indicia that the mailing was received.

-1-

After independent review of the removed Complaint, this Court concurs in defendants' Rule 12(b)(6) argument.[2]

In determining whether a claim can survive a motion under Rule 12(b)(6), the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id. at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561 (alteration in original). Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in her complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ....

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a claimant must plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id. at 570 (emphasis added).

The Supreme Court revisited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678. The Court explained that, "to survive

---

2   While not challenged, the Court also concludes that defendants properly removed this action to this Court inasmuch as the claims asserted by plaintiff are all federal claims over which this Court has original jurisdiction.

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability ...." Id. While the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. To survive a motion to dismiss, a plaintiff need not demonstrate that her right to relief is probable or that alternative explanations are less likely; rather, she must merely advance her claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. If her explanation is plausible, her complaint

survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Finally, in applying these standards the Court has kept in mind its obligation to liberally construe the pleadings of a pro se litigant.

Even when the Court liberally reads the Complaint (#1-1 at 3), it is readily apparent that the Complaint does not contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. In particular, the Complaint (filed in state court as a small claim) provides only that "Defendants violated" various provisions of Title 15 of the United States Code and that she is owed $10,000. Id. A conclusory statement that unspecified conduct resulted in a violation of federal law fails to state a plausible claim.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (#2) is **GRANTED**, and this action is **DISMISSED** with prejudice.

Signed: January 3, 2019



Max O. Cogburn Jr.
United States District Judge